UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WISE GUYS I, et al., § § *Plaintiffs*, § § v. § § META PLATFORMS, INC., § § *Defendant*. § § | Civil Action No. 3:23-CV-0217-X |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant Meta Platforms, Inc.'s motion to transfer (Doc. 13) and its motion to dismiss (Doc. 15). Having carefully considered the parties' arguments and the applicable caselaw, the Court **GRANTS** the motion to transfer (Doc. 13) and **DENIES** the motion to dismiss for lack of jurisdiction (Doc. 15). Accordingly, the Court **TRANSFERS** this action to the Northern District of California.

**I. Background**

Plaintiffs Wise Guys I and Wise Guys II (collectively, "Wise Guys") filed the present action against Defendant Meta Platforms, Inc. ("Meta") seeking damages and injunctive relief for First Amendment viewpoint discrimination for violations of Texas House Bill 20.[1] Wise Guys are[2] "private groups consisting of Facebooks users located

---

[1] Doc. 1.

[2] Okay grammar police. Sure, "Wise Guys" is technically a collective entity and should be treated as a singular noun for grammatical purposes. But saying "Wise Guys is" just seems too weird.

1

throughout the United States, including the State of Texas[.]"³ "Meta operates a variety of online services and applications, including Facebook.com."⁴ Meta filed the motion to transfer this case to the Northern District of California pursuant to its forum-selection clause in its Terms of Service. All Facebook users who register must agree to the Terms of Service, which includes the following forum-selection clause:

> You and Meta each agree that any claim, cause of action, or dispute between us that arises out of or relates to these Terms or your access or use of the Meta Products shall be resolved exclusively in the U.S. District Court for the Northern District of California or a state court located in San Mateo County. You also agree to submit to the personal jurisdiction of either of these courts for the purpose of litigating any such claim, and that the laws of the State of California will govern these Terms and any claim, cause of action, or dispute without regard to conflict of law provisions.⁵

Wise Guys respond that this is the exceptional case in which a forum-selection clause should not be enforced because it violates Texas's public policy, and it is an adhesion contract because Wise Guys did not negotiate the Terms of Service, including the forum-selection clause.⁶ The motion to transfer is ripe for this Court's review.

## II. Legal Standard

Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Section 1404(a) authorizes parties to a

---

³ Doc. 1 at 2.

⁴ Doc. 13 at 2.

⁵ Doc. 14 at 23.

⁶ Doc. 18.

2

contract to enforce forum-selection clauses via a motion to transfer.[7] Forum-selection clauses are presumptively valid and enforceable unless the opposing party can "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching."[8] A valid forum-selection clause will control where the parties litigate disputes in all but the most exceptional cases.[9] A plaintiff who initiates a lawsuit in a different forum than agreed upon in a contract "bears the burden of showing why the court should not transfer the case to the forum to which the parties agreed."[10] And this is a significant burden, because courts must "not unnecessarily disrupt the parties' settled expectations."[11] "In all but the most unusual cases, . . . the interest of justice is served by holding parties to their bargain."[12]

### III. Analysis

In order to determine whether to transfer a case under Section 1404(a) when there is a forum-selection clause at play, the Fifth Circuit directs the districts courts to apply a three-step inquiry.[13] The courts must (1) determine whether the parties'

---

[7] *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013).

[8] *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593–95 (1991) (noting that forum-selection clauses are presumptively valid even absent arm's-length bargaining).

[9] *Atl. Marine Constr. Co.*, 571 U.S. at 63.

[10] *Id.*

[11] *Id.* at 66.

[12] *Id.* at 64, 66.

[13] *Davis v. Meta Platforms, Inc.*, Civil Action No. 4:22-CV-01001, 2023 WL 4670491, at *9 (July 20, 2023) (Mazzant, J.) (citing *PCL Civil Constructors, Inc. v. Arch Ins. Co.*, 979 F.3d 1070, 1074 (5th Cir. 2020)).

dispute is within the scope of the forum-selection clause and whether that clause is mandatory and valid, (2) determine whether the forum-selection clause is enforceable, and (3) determine whether "extraordinary circumstances" weigh against transfer despite a valid, enforceable forum-selection clause.[14]  Here, Wise Guys' arguments concern the enforceability of Meta's forum-selection clause.  Specifically, they contend that enforcing the forum-selection clause will contravene Texas's public policy, and Meta's Terms of Service are an unenforceable contract of adhesion.  The Court concludes that Meta's forum-selection clause is mandatory, valid, and enforceable, and this is not a rare case in which extraordinary circumstances prevent transfer.

First, the parties do not dispute, and the Court concludes that Meta's forum-selection clause is mandatory and valid, and this action is within its scope.[15]  The clause states that disputes under the Terms "*shall be resolved exclusively* in the U.S. District Court for the Northern District of California or a state court located in San Mateo County."  The words "shall" and "exclusively" are mandatory.[16]  Moreover, forum-selection clauses are presumptively valid, and Wise Guys do not dispute the validity of Meta's forum-selection clause.  Plus, there are no indications of fraud, overreaching, or the like to suggest that this clause is invalid.  Finally, this case falls within the scope of Meta's forum selection clause.  The clause broadly encompasses

---

[14] *Id.*

[15] The interpretation of a forum-selection clause is a matter of state law, and here, the contractual analysis is identical under either Texas or California law.  *See id.* at *10.

[16] *In re Automated Collection Techs., Inc.*, 156 S.W.3d 557 (Tex. 2004) (holding that a forum-selection clause designating "exclusive" forum was mandatory).

4

"any claim, cause of action, or dispute . . . that arises out of or relates to these Terms or your access or use of the Meta Products[.]"  This "relates to" language "encompass[es] all claims that have some possible relationship with the agreement."[17]  The present case—concerning whether Meta unlawfully restricted Wise Guys' access and use of Facebook—falls directly within the scope of this clause.  Accordingly, Meta's forum-selection clause is mandatory, valid, and this action is within its scope.

Second, the Court concludes that Meta's forum-selection clause is enforceable.  Wise Guys make two arguments against its enforceability: (1) it contravenes Texas's public policy, and (2) the Terms of Service are a contract of adhesion and Wise Guys did not negotiate the forum-selection clause.  Considering the public policy argument, Texas's public policy favors freedom of contract, including forum-selection clauses, and Chapter 143A does not change that.[18]  Wise Guys contend that Texas House Bill 20 ("HB 20"), incorporated into Tex. Civ. Prac. & Rem. Code Ann. § 143A.003, evidences a strong public policy to protect Texans from wrongful censorship on social media platforms.[19]  Thus, according to Wise Guys, that public policy indicates that Meta's forum-selection clause should not be enforced in this case.  But there is nothing in the language of Section 143A about forum-selection clauses.[20]  And considering that public policy in Texas strongly favors freedom of contract, the Texas

---

[17] *J.V. & Sons Trucking, Inc. v. Asset Vision Logistics, LLC*, No. 1:20-CV-163-H, 2020 WL 10458645, at *4 (N.D. Tex. Dec. 15, 2020) (Hendrix, J.).

[18] *Phil. Indem. Ins. Co. v. White*, 490 S.W.3d 468, 471 (Tex. 2016).

[19] Doc. 18 at 6–9.

[20] *See* TEX. CIV. PRAC. & REM. CODE § 143A.003.

5

Supreme Court explained that "absent a statute requiring suit be brought in Texas, the existence of statutory law in an area [does] not establish such Texas public policy as would negate a contractual forum-selection provision."[21] There is no requirement that suit be brought in Texas under Section 143A. Therefore, Section 143A does not render Meta's forum-selection clause unenforceable.

Wise Guys' adhesion contract argument also fails. They contend that Meta's Terms of Service were presented to Wise Guys on a "take it or leave it" basis, and they were unable to negotiate the forum-selection clause.[22] But the Supreme Court has explained that even forum-selection clauses that are not subject to negotiation between parties with unequal bargaining power can be enforceable.[23] This is especially true when large companies deal with individuals from many locales and therefore need to limit the fora in which they could be subject to suit.[24] Here, Meta operates online services across the globe—even Wise Guys consist of users located throughout the United States—so Meta included this forum-selection clause limiting litigation to California, its principal place of business.[25] Courts regularly uphold these kinds of forum-selection clauses,[26] and numerous courts have upheld Meta's

---

[21] *In re Lyon Fin. Servs., Inc.*, 257 S.W.3d 228, 234 (Tex. 2008)

[22] Doc. 18 at 9–10.

[23] *Carnival Cruise Lines, Inc.*, 499 U.S. at 593–94.

[24] *See id.*

[25] Doc. 20 at 7–9; Doc. 1 at 2.

[26] *See e.g.*, *Burbank v. Ford Motor Co.*, 703 F.2d 865, 867 (5th Cir. 1983); *DSA Promotions, LLC v. Vonage Am., Inc.*, Civil Action No. 3:17-CV-3055-D, 2018 WL 1071278, at *5 (N.D. Tex. Feb. 27, 2018) (Fitzwater, J.).

forum-selection clause specifically.[27] Meta's forum-selection clause is not impermissible, and Wise Guys have not met their significant burden of establishing that it would be unreasonable or unjust to enforce Meta's forum-selection clause here. In fact, in a similar context, the Supreme Court explained that "it would be entirely unreasonable . . . to assume that . . . [a plaintiff] would negotiate with [the company] the terms of a forum-selection clause."[28]

Finally, there are no extraordinary circumstances weighing against transfer here. Wise Guys do not discuss any additional public interest factors in their briefing. Instead, they suggest that Section 143A is an extraordinary circumstance rendering Meta's forum-selection clause unenforceable. For the reasons already explained, Section 143A does not prevent transfer based on Meta's valid, enforceable forum-selection clause, and it is not an extraordinary circumstance.

## IV. Conclusion

The Court concludes that Meta's forum-selection clause is mandatory, valid, and enforceable, and this is not a rare case in which extraordinary circumstances prevent transfer. Therefore, the Court **GRANTS** Meta's motion to transfer (Doc. 13) and **TRANSFERS** this action to the Northern District of California. Because this Court lacks jurisdiction, the Court also **DENIES** Meta's motion to dismiss. (Doc. 15).

---

[27] *See Franklin v. Facebook, Inc.*, No. 1:15-CV-00655, 2015 WL 7755670, at *2 (N.D. Ga. Nov. 24, 2015) (Martinmay, J.); *Moates v. Facebook, Inc.*, No. 4:21-CV-00694, 2022 WL 2707745, at *5 (E.D. Tex. June 13, 2022), *report and recommendation adopted*, No. 4:21-CV-00694, 2022 WL 2705245 (E.D. Tex. July 12, 2022) (Mazzant, J.); *Davis*, 2023 WL 4670491, at *16.

[28] *Carnival Cruise Lines, Inc.*, 499 U.S. at 593.

**IT IS SO ORDERED** this 4th day of December, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE